UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19-cr-00312 |
| Plaintiff, | ) ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) ) | |
| JEREMY L. CRUZ, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) ) | (Resolving Doc. 46) |

This matter is before the Court on the *Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and Pursuant to Amendment 821 of the United States Sentencing Guidelines* (Doc. 46) (the "Motion") filed by *pro se* Defendant Jeremy Cruz ("Cruz"). The United States of America did not file a response.

For the reasons stated below, the Motion is DENIED.

### I. BACKGROUND

A federal grand jury charged Cruz with transportation of a minor with intent to engage in unlawful sexual activity in violation of 18 U.S.C. § 2423(a) (Count One), receipt of visual depictions of a real minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) (Count Two), and transportation of visual depictions of real minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1) (Count Three). Doc. 7. Cruz pled guilty as to all counts. *See* Minutes of Proceedings, Docket Entry dated July 30, 2019.

In preparation for sentencing, the United States Pretrial Services and Probation Office prepared the Presentence Investigation Report (the "PSI"). Doc. 20. The PSI indicated Cruz had a total offense level of 34 (after a three-level reduction for acceptance of responsibility) and a

1

criminal history category of I, therefore the advisory guideline range was 151–188 months. Doc. 20 at p. 13, ¶ 76. The Court ultimately sentenced Cruz to a term of 188 months' imprisonment. Doc. 32.

After Cruz's sentencing, the United States Sentencing Commission issued Amendment 821. He now seeks retroactive application of Amendment 821 to reduce his sentence.

II.     LAW AND ANALYSIS

   A.  Legal Standard

A defendant who has been sentenced to a term of imprisonment based on a subsequently lowered sentencing range may move the Court to reduce their term of imprisonment. 18 U.S.C. § 3582(c)(2). The lowered sentencing range in this case resulted from Amendment 821, which was made retroactive by 18 U.S.C. Appx. § 825 ("Amendment 825"). The Court must employ a two-step approach to deciding whether to reduce the defendant's sentence pursuant to a retroactive amendment. *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)).

First, the Court must ensure the defendant is eligible for a sentence modification pursuant to 18 U.S.C. Appx § 1B1.10 (the "Policy Statement"). *Id.* Relevant in this case, the Policy Statement applies to Amendment 821. *See* 18 U.S.C. Appx § 1B1.10, n.7.

If the defendant is eligible, the Court is further instructed to consider the applicable 18 U.S.C. § 3553(a) factors to determine whether a reduction is warranted in light of the particular circumstances of the case. *Jones*, 980 F.3d at 1107. The section 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect

the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

### B. Analysis

In the Motion, Cruz asks the Court to reduce his sentence under Amendment 821 based on the assertion that the amendment provides an additional 2-level reduction because he has no criminal history points [therefore the advisory sentencing range now applicable to his case would be 121–151 months, rather than the 151–188 months used at the time of sentencing]. Doc. 46.  Part B of Amendment 821 created a new U.S.S.G. § 4C1.1 that permits the Court to reduce the offense level by two (2) if:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) *the instant offense of conviction is not a sex offense* (emphasis added); (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

At the time of sentencing, Cruz's total criminal history points were zero (0).  Doc. 20 at p. 10, ¶¶ 55–56; *see also* Sentencing Transcript, Doc. 35 at p. 51. He now argues that the guidelines range should be adjusted because he would receive an additional two-level reduction based on his

3

circumstances not falling under any of the disqualifying factors listed in § 4C1.1. Cruz further notes his character and post-sentence rehabilitation as factors the Court should consider in its § 3553(a) analysis. Doc. 46 at p. 2. However, all three of the instant offenses Cruz was convicted of are sex offenses. Doc. 32. Accordingly, he is not eligible for relief under Amendment 821. *See* U.S.S.G. § 4C1.1(a)(5).

### III. CONCLUSION

For the reasons stated above, the *Motion for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) and Pursuant to Amendment 821 of the United States Sentencing Guidelines* (Doc. 46) is DENIED.

Date: February 4, 2025                    */s/ John R. Adams*
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE